IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 16, 2010 Session

## IN RE:  BECKA  L.A.K.

**Appeal from the Juvenile Court for Humphreys County**
**No. J-6651-03      Anthony L. Sanders, Judge**

_____

**No. M2009-02405-COA-R3-JV - Filed March 30, 2011**

_____

FRANK G. CLEMENT, JR., J., concurring and dissenting in part.

The juvenile court found that a material change of circumstances had occurred due to Mother's failure to adhere to the parenting plan, thereby repeatedly frustrating and sometimes preventing Father's visitation, and that it was in their child's best interest to be placed in the custody of her father. I would affirm these rulings.

The finding that Mother failed to adhere to the letter and spirit of the parenting plan on multiple occasions provides a proper basis for finding a material change of circumstances under Tenn. Code Ann. § 36-6-101(a)(2)(B). The statute provides:

> If the issue before the court is a modification of the court's prior decree pertaining to custody, the petitioner must prove by a preponderance of the evidence a material change in circumstance. A material change of circumstance does not require a showing of a substantial risk of harm to the child. *A material change of circumstance may include, but is not limited to, failures to adhere to the parenting plan or an order of custody and visitation or circumstances that make the parenting plan no longer in the best interest of the child.*

*Id.* (emphasis added).

I find it particularly significant that the acts and omissions of Mother, which greatly frustrated, if not prevented, Father's visitation with his child, are more egregious in this case than in most cases because these parents live 900 miles apart. Due to the fact Father would fly to New York to visit his child, the juvenile court realized that Father's ability to exercise visitation was greatly dependent upon Mother's cooperation and sensitivity, or lack thereof, to the logistical difficulties.

As the majority correctly notes, the juvenile court made a finding that, unlike Mother, Father "will not defy and obstruct the Order of this Court as to child visitation." I am in agreement with the majority's conclusion that this statement does not evidence an intent on the part of the juvenile court to *punish* Mother. Instead, it serves as the explanation for the trial court's conclusion that Mother's failure to adhere to the parenting schedule constitutes a material change of circumstances based on the facts of this case.

I acknowledge that reasonable minds could differ as to whether the difficulties Father experienced in attempting to visit with his child were due in whole or in part to Mother's failure to adhere to the letter or spirit of the parenting plan. Nevertheless, the juvenile court made its findings that Mother repeatedly failed to adhere to the parenting plan; although the evidence on this issue is disputed, in my opinion the evidence does not preponderate against these findings.

For these reasons, I would affirm the ruling of the juvenile court designating Father as the primary residential parent.

_____
FRANK G. CLEMENT, JR., JUDGE